**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SARAH BUNTURA, | ) | Case No. 1:24-cv-1313 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| FORD MOTOR COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# OPINION AND ORDER

On October 9, 2024, the Court dismissed Plaintiff's complaint. (ECF No. 3.) Following the entry of that final judgment, she seeks leave to amend her complaint. (ECF No. 5.) Ordinarily, Rule 15(a), on which Plaintiff relies (*id.*, PageID #36), directs courts to grant leave to amend freely, when justice so requires. Where an adverse judgment has been entered, however, the request to amend presents "a different story." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). In that context, courts must consider the competing interests of finality and the expeditious termination of litigation. *Id.* at 615–16 (citing *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Id.* at 616 (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.)).

In dismissing the complaint, the Court focused on Plaintiff's claims under Title VII and the Fair Credit Reporting Act. Even with the additional allegations included in the proposed amendment, the Court's analysis of these claims does not change. Plaintiff fails to plead a violation of Title VII. Fundamentally, she complains of poor treatment—unprofessional and rude treatment, even—but that is not actionable under federal law. In this respect, the proposed amendment is futile, and amendment is not proper even under the liberal amendment policy of Rule 15. *See Doe v. College of Wooster*, 243 F. Supp. 3d 875, 884–85 (N.D. Ohio 2017) (citing *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013)).

Plaintiff's proposed amendment makes efforts better to explain why she believes she has a claim under the Fair Credit Reporting Act. Also, she now asserts a claim under the National Labor Relations Act. But she could have done either or both of these things in her original complaint. For that reason, her amendment request "must shoulder a heavier burden" than a normal motion under Rule 15. *Leisure Caviar*, 616 F.3d at 616. Indeed, "[f]ollowing entry of final judgment, a party may not seek to amend [her] complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse,* 290 F.3d at 799 (citations omitted). Under Rule 59, a court may alter or amend the judgment where there is a clear error of law, newly discovered evidence, or an intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for

exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). But that is what Plaintiff seeks to do—with the benefit of the Court's guidance. Ms. Bontura points to no newly discovery evidence. And the Court discerns no error of law or manifest injustice requiring amendment now.

Finally, the Court notes that the proposed amendment advances only claims arising under federal law. Therefore, any allegations that might give rise to diversity jurisdiction—to the extent those jurisdictional allegations might retroactively cure the defects in the original pleading notwithstanding the entry of judgment, which the Court doubts—have no bearing on disposition of the present motion.

For all these reasons, the Court **DENIES** Plaintiff's motion for leave to amend. (ECF No. 5.)

**SO ORDERED.**

Dated: October 17, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3