## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SARAH BUNTURA, | ) | Case No. 1:24-cv-1313 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| FORD MOTOR COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

Plaintiff Sarah Buntura seeks the recusal of the undersigned pursuant to 28 U.S.C. § 455(a) and (b)(1).  (ECF No. 10.)  For two reasons, the Court **DENIES** the motion.

## 1.

There is no pending motion or case involving Ms. Buntura.  Her attempts to sue Ford in two different cases (this one and No. 24-cv-1811) have gone on for quite some time and have already been to the Sixth Circuit at least once.  At bottom, the Court dismissed her case and denied her many motions for reconsideration and to alter, amend, or set aside the judgment.  Most recently, the Court did so on June 30, 2025.  (ECF No. 9.)  At present, Ms. Buntura simply has no pending case from which the undersigned might recuse.  Nor is there a pending motion.

## 2.

Even if there were, Ms. Buntura fails to show that disqualification is appropriate.  As relevant here, federal law mandates disqualification of a judge in

two circumstances:  (1) "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a); or (2) "[w]here he has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

Under Section 455(a), judges apply an objective standard to determine whether to recuse.  In other words, the question is not whether a judge may preside impartially, but whether a reasonable person might question a judge's impartiality. *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (citation omitted).  This objectively reasonable person "is not a judge, because judges, keenly aware of the obligation to decide matters impartially, may regard asserted conflicts to be more innocuous than an outsider would." *Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, 578 F. Supp. 3d 1011, 1017 (E.D. Ark. 2022).  At the same time, this well informed, thoughtful observer is not hypersensitive or unduly suspicious and has "knowledge of all the facts." *Adams*, 722 F.3d at 837 (citation modified); *see also In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990).  Put simply, "would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (quotation omitted).

Regarding Section 455(b), a successful challenge based on a lack of impartiality demands "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" are not enough.  *Id.* at 555–56.  Nor are "'hostile' comments." *United States v. Parker*, 837 F. App'x 341, 347

(6th Cir. 2020) (quoting *Liteky*, 510 U.S. at 555).  "[C]laims of bias based on opinions formed during current or prior proceedings face an 'uphill battle.'"  *Id.* at 346 (quoting *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016)).

Applying these standards, the record contains no grounds that support disqualification.  Indeed, Ms. Buntura points only to rulings promptly disposing of each of the serial filings she has brought.  She identifies no statements evincing such a high degree of favoritism or antagonism as to make fair judgment of any of her claims or arguments impossible.  Instead, she takes issue with various substantive rulings the Court has made.  Fair enough.  She has a remedy for such disagreements, and it does not lie under Section 455.  She has had at least one appeal, and others may be pending or soon will be too.  Even then, each instance Ms. Buntura identifies in support of her motion occurred during the proceedings.  Such claims face an "uphill battle."  *Burley*, 834 F.3d at 616.  The record presented falls far short of meeting that high standard.

Further, disqualification is not necessary out of an abundance of caution based on Ms. Buntura's allegations.  Unwarranted disqualification comes at a cost. *Arkansas State Conf. NAACP*, 578 F. Supp. 3d at 1024.  It allows litigants to "manipulat[e] the system for strategic reasons, perhaps to obtain a judge more to their liking."  *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) (Breyer, J.). Fairness dictates that litigants live with the judge randomly assigned to hear their case, unless the law requires recusal.  *Arkansas State Conf. NAACP*, 578 F. Supp. 3d at 1016.  After all, litigants are not entitled to judges of their choosing.  *In re City of*

3

*Detroit*, 828 F.2d 1160, 1167 (6th Cir. 1987) (quotation omitted).  Nor are judges entitled to litigants of their choosing.

For all these reasons, the Court declines to disqualify under Section 455 and, therefore, **DENIES** Defendant's motion to recuse.

**SO ORDERED.**

Dated:  July 8, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio